## COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CLAIRE E. WEBB<br>6462 Hughes Glen Court<br>Liberty Township, Ohio 45011 | :<br><br>: | CASE NO.<br><br>JUDGE |
| -vs- | : | **COMPLAINT** |
| MATTHEW A. EHLMAN<br>4 E. Boesch Drive<br>Alexandria, Kentucky 41001 | :<br><br>: | |
| Please also serve:<br>Matthew A. Ehlman<br>8717 Preakness Drive<br>Florence, Kentucky 41042 | :<br><br>:<br><br>: | |
| and | | |
| THORNTON TRANSPORTATION, LLC<br>2600 James Thornton Way<br>Louisville, Kentucky 40245 | :<br><br>:<br><br>: | |
| Please also serve:<br>Thornton Transportation, LLC<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215 | :<br><br>:<br><br>: | |
| and | | |
| UNITED HEALTHCARE<br>P.O. Box 740801<br>Atlanta, GA 30374-0801 | :<br><br>:<br><br>: | |
| Please also serve:<br>CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | :<br><br>: | |
| and | : | |
| METLIFE AUTO & HOME<br>P.O. Box 6040<br>Scranton, PA 18505-6040 | :<br><br>: | |

and            :

JOHN DOE           :
Name and Address unknown

                :
    Defendants

\* \* \* \* \* \* \*

## FIRST CAUSE OF ACTION

1. On or about October 23, 2017, Plaintiff, Claire E. Webb, was operating a 2010 Honda CR-V northbound on Interstate 75, Cincinnati, Hamilton County, Ohio.

2. At the same time and place, Defendant, Matthew A. Ehlman ("Ehlman"), a resident of Alexandria, Campbell County, Kentucky, was also traveling on northbound on Interstate 75, Cincinnati, Hamilton County, Ohio, operating a tractor-trailer weighing more than 26,000 lbs., when he failed to maintain assured clear distance ahead and collided with the vehicle Plaintiff was operating. After being rear-ended by the tractor-trailer being driven by Ehlman, Plaintiff's vehicle was propelled forward into the car travelling in front of her, causing a second impact.

3. As a direct and proximate result of the negligence of Ehlman, Plaintiff suffered severe injuries to her body including but not limited to her head, neck, and back; has suffered severe and permanent injuries; has experienced severe pain and suffering and will continue to experience same in the future; has incurred medical expenses and will continue to incur further medical expenses in the future; has sustained a loss of the enjoyment of life; and has lost tuition and other educational expenses.

## SECOND CAUSE OF ACTION

4. Plaintiffs hereby incorporates paragraphs one through three of the Complaint as if fully rewritten herein.

5. Defendant Ehlman's conduct constitutes negligence per se because it violated §4511.21(A) of the Ohio Revised Code.

6. As a direct and proximate result of the negligence of Defendant Ehlman, Plaintiff was injured. She suffered severe injuries to her body including but not limited to her head, neck, and back; has suffered severe and permanent injuries; has experienced severe pain and suffering and will continue to experience same in the future; has incurred medical expenses and will continue to incur further medical expenses in the future; and has sustained a loss of the enjoyment of life; and has lost tuition and other educational expenses.

### THIRD CAUSE OF ACTION

7. Plaintiffs hereby incorporates paragraphs one through six of the Complaint as if fully rewritten herein.

8. Upon information and belief, United Healthcare ("UHC") is licensed and conducting business in the State of Ohio, and was the health insurance carrier for Plaintiffs.

9. UHC may claim interest in this action by virtue of subrogation interest and/or right of reimbursement for benefits paid on behalf of Plaintiffs.

10. UHC should plead its claims in this action or forever be barred from pursuing them.

### FOURTH CAUSE OF ACTION

11. Plaintiffs hereby incorporate paragraphs one through ten of the Complaint as if fully rewritten herein.

12. Defendant, MetLife Insurance Company ("MetLife") is a casualty insurance company licensed and conducting business in the State of Ohio.

13. Plaintiffs and MetLife entered into a contract of policy of insurance for which Plaintiffs paid premiums in exchange for MetLife's agreement to pay money pursuant to the Uninsured/Underinsured Motorists Benefits provision set forth in said contract. The policy is not attached as it is in the possession of MetLife.

14. Said contract was in effect on October 23, 2017, when the motor vehicle collision set forth in First Cause of Action of this Complaint occurred.

15. At the time of said collision, Defendant Ehlman was effectively an uninsured/underinsured motorist.

16. As the direct, proximate and foreseeable result of the negligence of Defendant Ehlman, Plaintiffs may be entitled to uninsured/underinsured motorist benefits pursuant to the terms of their policy of insurance with MetLife.

17. Defendant MetLife is obligated pursuant to said policy of insurance to pay Plaintiffs' claims for damages arising from the collision caused by the negligence of an uninsured/underinsured motorist.

18. Pursuant to the above-specified insurance policy, Plaintiffs are entitled to recovery from Defendant MetLife in the amount of the uninsured/underinsured motorist coverage limits set forth in the above-specified insurance policy.

### FIFTH CAUSE OF ACTION

19. Plaintiffs incorporate the allegations contained in paragraphs one through eighteen as if fully rewritten herein.

20. Defendant MetLife may have paid medical payments benefits to or on behalf of Plaintiff under its insurance policy and may claim a subrogation interest or right of reimbursement.

21. To the extent that Defendant MetLife claims a subrogation interest or right of reimbursement, Defendant MetLife should plead its claim or forever be barred from pursing it.

### SIXTH CAUSE OF ACTION

22. Plaintiff hereby incorporates paragraphs one through twenty-one of Complaint as if fully rewritten herein.

23. Defendant, Thornton Transportation, LLC ("Thornton"), is a foreign limited liability company conducting business in the State of Ohio.

23. Defendants, Thornton and/or John Doe, whose names could not be ascertained at the time of filing this Complaint, was the employer or principal of, or joint venturer with Defendant, Ehlman, on about October 23, 2017.

24. Defendants, Thornton and John Doe, are liable for the negligence of Defendant Ehlman and all resulting damages under the doctrine of respondeat superior.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, Matthew A. Ehlman, Thornton Transportation, LLC, MetLife, and John Doe in excess of $25,000.00, joint and severally, together with interest, attorney fees, costs and any other relief to which they may be entitled; and further, that Defendants, MetLife and United Healthcare, be required to plead their claims or forever be barred.

                                        Respectfully submitted,

                                        /s/ Joseph T. Mordino
                                        JOSEPH T. MORDINO, #0065001
                                        CHRISTINE C. STEELE, #0055288
                                        Attorneys for Plaintiff
                                        FAULKNER & TEPE, LLP
                                        1 West Fourth Street, Suite 2050
                                        Cincinnati, Ohio 45202
                                        Phone: (513) 421-7500
                                        jmordino@faulkner-tepe.com
                                        csteele@faulkner-tepe.com

## PRAECIPE TO THE CLERK:

Please serve the Complaint upon the named Defendants via certified mail U.S. Mail, return receipt requested.

/s/ Joseph T. Mordino
JOSEPH T. MORDINO